FILED

2020 Dec-21  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KENNETH ZAYLER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **SMP AUTOMOTIVE SYSTEMS** | ) | **JURY DEMAND** |
| **ALABAMA INC. ,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

**COMPLAINT**

**I.     INTRODUCTION**

1.  Plaintiff Kenneth Zayler was employed in salary position at Defendant SMP Automotive Systems Alabama, Inc.'s location in Cottondale, Alabama within the past three years. He brings this action against Defendant SMP Automotive Systems Alabama, Inc. (hereinafter referred to as "Defendant") to redress failure to pay him overtime wages and retaliation against him in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Specifically, Plaintiff seeks injunctive relief, backpay, liquidated damages and attorneys' fees and costs as a remedy for violations of the FLSA by Defendant,

1

which has deprived Plaintiff of his lawful wages.

2. Plaintiff is a former employee who began working for Defendant in May 2020, and he held the salaried job title of Second Shift Supervisor until Defendant terminated him on November 24, 2020.

3. Defendant required Plaintiff to work in excess of forty hours a week without paying him time and a half his regular rate of pay as required by the overtime provision of the FLSA.

4. Defendant retaliated against Plaintiff's complaints of FLSA violations by terminating his employment.

## II.    JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

6. Venue is proper in the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(b) and (c).

## III.   PARTIES

7. Plaintiff, Kenneth Zayler, is a male citizen of the United States over the age of majority and a resident of the State of Alabama.

8. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA.

2

9.    Defendant, SMP Automotive Systems Alabama Inc. (hereinafter referred to as "SMP Automotive") is an entity subject to suit under the FLSA. At all times material to this action, Defendant is an integrated enterprise engaged in commerce or in production of goods for commerce as defined by § 2013(s)(1) of the FLSA, and Defendant in Plaintiff's employer as defined by §203(d) of the FLSA.

10.    At all times relevant to this action, Defendant employed Plaintiff in a position that required him to work more than forty hours per week.

11.    The provisions set forth in §§206 and 207 of the FLSA apply to Defendant. Plaintiff was covered by §§206 and 207 while employed by Defendant.

## IV.    FACTS

12.    SMP Automotive, located in Cottondale, Alabama, is an auto parts manufacturer.

13.    Plaintiff Zayler worked for SMP Automotive as a Second Shift Supervisor.

14.    In his position, Plaintiff engaged in tool and dye repair, and spent the majority of his shift fixing tools.

15.    Plaintiff arrived at or around 2:45 p.m. for his shift to begin at 3:00 p.m. During this time, Plaintiff spoke to the supervisor on the previous shift to ascertain information about current conditions in the plant.

3

16. Plaintiff generally finished his shift around 11:30 p.m., and then spent fifteen minutes after his shift informing the next shift supervisor about the ongoing conditions in the plant.

17. In his position, Plaintiff did not have the authority to hire, fire, discipline, promote, or demote any other employees.

18. Although Plaintiff was the apparent supervisor to two employees who worked alongside him, Plaintiff could not hire, fire, promote, demote, or discipline them.

19. Plaintiff worked essentially as a team-lead or a working-foreman with his two co-workers on the night shift, and he performed the same tool and dye work repair work as those two employees throughout their shift.

20. The only real difference between what Plaintiff did and what his two co-workers did on the night shift was Plaintiff arrived early to get an update on what happened on the prior shift in order to step in and take over, and Plaintiff stayed late to pass on to the next shift what had happened on his shift so the following shift could pick up where Plaintiff and his coworkers had finished.

21. Plaintiff generally worked five days a week and sometimes on Saturdays, and he worked between fifty (50) and seventy (70) hours a week or more at times.

22. Plaintiff complained to management and human resources in multiple

conversations that he was working well over forty (40) hours a week without receiving any compensation, including overtime compensation for those overtime hours.

23. Defendant willfully refused to pay Plaintiff overtime for the time he worked in excess of forty (40) hours a week.

24. Defendant should have paid Plaintiff time and a half for each hour he worked in excess of 40 hours a week.

25. Defendant willfully violated the FLSA, by failing to pay Plaintiff an overtime premium rate of pay for work he performed in excess of forty (40) hours a week.

26. Defendants willfully violated the FLSA, by mis-classifying Plaintiff as exempt under the FLSA, without regard to the duties he performed.

27.  After Plaintiff complained to management about the illegal wages he was receiving, Defendant terminated Plaintiff.

28. But for Plaintiff complaining of the illegal wages he was receiving, Defendant would not have terminated him.

**V.   CAUSES OF ACTION**

**COUNT I   NON-PAYMENT OF OVERTIME IN VIOLATION OF THE FLSA**

5

29.    During his employment Plaintiff worked in a position that is non-exempt from the Fair Labor Standards Act (FLSA).

30.    Plaintiff regularly worked more than forty (40) hours per week.

31.    During his entire employment, Plaintiff was not compensated for all of his hours worked, and was not compensated for overtime hours at a rate of one and one-half times the normal pay rate.

32.    Throughout Plaintiff's employment, Defendant willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which   resulted in the denial of compensation, at an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

33.    Throughout Plaintiff's employment, Defendant willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying any overtime compensation for this time for each hour he worked over 40 hours week.

34.    Throughout Plaintiff's employment, Defendant willfully violated the FLSA by mis-classifying Plaintiff as exempt, and paying him a salary, without regard to the actual duties he performed.

6

35. Defendant was aware that Plaintiff worked and continued to work in excess of forty hours a week and received no overtime pay.

36. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful, and Defendant failed to make a good faith effort to comply with the FLSA.

37. As a result of Defendant's violations of the FLSA, Plaintiff suffered damages by failing to receive overtime wages in accordance with the FLSA.

38. In addition to the amount of overtime wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages plus pre-judgment interest and post-judgment interest.

39. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II    FLSA RETALIATION

40. Plaintiff brings this count under the Fair Labor Standards Act (FLSA).

41. Plaintiff engaged in activity protected by the FLSA when he complained that Defendant failed to pay him properly for all the hours he worked in excess of forty (40) hours a week.

42. Defendant willfully violated the FLSA by taking adverse employment actions against Plaintiff, up to and including terminating him in retaliation for

Plaintiff's opposition to the illegal conduct under the FLSA.

43. The adverse employment actions taken by Defendant are causally connected to Plaintiff's engagement in protected activity under the FLSA. But for Plaintiff's engagement in protected activity, he would not have been terminated. Even if Defendant had other legitimate or illegitimate reasons for terminating Plaintiff's employment, his exercise of his statutory right remained the but for cause of his discharge.

44. Defendant has failed to articulate a legitimate, non-retaliatory reason for terminating Plaintiff, and Defendant's articulated reasons for terminating Plaintiff are not legitimate and are a pretext for retaliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the FLSA.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the FLSA.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him

reinstatement in the position and salary level he would have occupied absent retaliation, backpay (including lost overtime compensation), front pay if restatement is not possible, lost wages (plus interest), medical expenses, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Christina Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-T46E
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

9

**<u>DEFENDANT'S ADDRESS:</u>**

SMP Automotive Systems Alabama Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104